IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ADAM CHASTEEN,

       Plaintiff,    :    Case No. 3:13-cv-37

                               District Judge Thomas M. Rose
  -vs-                       Magistrate Judge Michael R. Merz
                           :

LAWRENCE MACK, et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion to Dismiss with Prejudice by Defendants Hogan, Mattingly, and Klopfenstein under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. No. 22).  Upon the filing of the Motion, the Court sent Plaintiff an Order which advised him of his obligation to file a memorandum in opposition not later than May 16, 2013 (Doc. No. 23).  No memorandum has been filed and the time within which to do so has expired.

**Standard for Motion to Dismiss**

The purpose of Fed.R.Civ.P. 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987), abrogated on other grounds by *Graham v. Connor,*

1

490 U.S. 386 (1989) as recognized in *Pleasant v. Zamieski,* 895 F.2d 272, 275 n. 1 (6th Cir. 1990).  Stated differently, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint.  *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010).

With respect to a motion made pursuant to Rule 12(b)(6), the Sixth Circuit recently said:

> The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that had prevailed for the last few decades. *Ashcroft v. Iqbal*, ___U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *Conley* itself had reflected the change away from "code pleading" FN1 to "notice pleading," and the standard it announced was designed to screen out only those cases that patently had no theoretical hope of success. 355 U.S. at 45-46, 78 S.Ct. 99 ("In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); see also *Iqbal*, 129 S.Ct. at 1959 (Souter, J., dissenting) (observing that "[t]he sole exception" to the *Conley* rule was for "allegations that [were] sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel").
>     FN1. See generally Roscoe Pound, Review of Clark on Code Pleading, 38 Yale L.J. 127 (1928).
>
> The Court has now explained, however, that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Indeed, while this new *Iqbal/Twombly* standard screens out the "little green men" cases just as *Conley* did, it is designed to also screen out cases that, while not utterly impossible, are "implausible." See Robert G. Bone, *Twombly, Pleading Rules, and the Regulation of Court Access*, 94 Iowa L. Rev. 873, 887-90 (2009). Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice.

*Courie v. Alcoa Wheel & Forged Products,* 577 F.3d 625, 629-30 (6th Cir. 2009).  In other

words, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Savoie v. Martin*, 673 F.3d 488 (6th Cir. 2012), quoting *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dept. of Educ.,* 615 F.3d 622, 627(6th Cir. 2010), quoting *Twombly,* 550 U.S. at 570.  All well-pled facts in the complaint must be accepted as true.  *Savoie, supra,* citing, *Courie v. Alcoa Wheel & Forged Prods.,* 577 F.3d 625, 629 (6th Cir. 2009), citing *Iqbal,* 556 U.S. at 678.

## Eleventh Amendment

To the extent defendants are sued in their official capacities, they seek dismissal because of the bar of the Eleventh Amendment which provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793).  It has been construed to bar suits against a State by its own citizens.  *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982).  Judgment against a public servant in his official capacity imposes liability on the entity he or she represents, in this case the State of Ohio because these Defendants are employees of the Department of Rehabilitation and Corrections.  *Brandon v. Holt*, 469 U.S. 464 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Although it has the power to do so under the Fourteenth Amendment, Congress has not abrogated state sovereign immunity in suits under 42 U.S.C.

3

1983. *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990)(citing *Quern v. Jordan,* 440 U.S. at 341.)

To the extent Plaintiff purports to state claims against these Defendants in their official capacities, the claims must be dismissed without prejudice for lack of subject matter jurisdiction.

## The Statute of Limitations

As demonstrated by the Memorandum in Support of the Motion, Plaintiff's claims for monetary damages against these Defendants is barred by the statute of limitations.

Plaintiff pleads a claim under 42 U.S.C. § 1983 against these Defendants that they transferred him (or conspired to transfer him) to London Correctional Institution for his use of the grievance process at Dayton Correctional; the transfer occurred, according to Plaintiff, on June 17, 2010 (Complaint, Doc. No. 4, ¶ 63). Plaintiff did not file his Motion for Leave to Proceed *in forma pauperis* in this case until February 5, 2013 (Doc. No. 1)1.

Ohio's two-year statute of limitations enacted in Ohio Revised Code § 2305.10. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)(en banc). In actions brought under § 1983, the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005), in this case on June 17, 2010. Because this case was not filed for statute of limitations purposes until more than three years after Plaintiff had reason to know of the injury of which he complains, actions against

---

1. Filing an *in forma pauperis* application tolls the statute of limitations. *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases).

these Defendants in their individual capacities for money damages must be dismissed with prejudice as barred by the statute of limitations.

### Injunctive Relief

Any declaratory or injunctive relief that Plaintiff seeks stemming from his Complaint has been mooted by his transfer to a different prison facility and indeed by his release from imprisonment altogether. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010).

### Other Defenses

The moving Defendants also plead that they are entitled to qualified immunity on Plaintiff's claims and that his claims are barred by the doctrine of *Leaman v. Ohio Department of Mental Retardation and Development Disabilities*, 825 F.2d 946, 951 (6th Cir. 1987) (en banc). Because the other defenses are completely dispositive, the Court need not reach these two issues.

### Conclusion

Based on the foregoing analysis, it is respectfully recommended that Plaintiff's claims against Defendants Hogan, Mattingly, and Klopfenstein in their official capacities be dismissed without prejudice for lack of subject matter jurisdiction by virtue of the Eleventh Amendment, that his claims for injunctive relief be dismissed with prejudice as moot for lack of standing, and

that his claims for monetary damages against these Defendants be dismissed with prejudice as barred by the statute of limitations.

May 20, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).