IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ADAM CHASTEEN,

   Plaintiff,  :  Case No. 3:13-cv-37

           District Judge Thomas M. Rose
 -vs-        Magistrate Judge Michael R. Merz
         :

LAWRENCE MACK, et al.,

   Defendants.

## REPORT AND RECOMMENDATIONS

   This case is before the Court on Motions to Dismiss with Prejudice by Defendants Hogan, Mattingly, and Klopfenstein (Doc. No. 22) and Defendants Moore, Eleby, Croft, Shoemaker, and Parks (Doc. No. 26). Collectively, these are all the Defendants who have been served with process (Doc. Nos. 7-18).

   Upon the filing of the Motions, the Court sent Plaintiff Orders which advised him of his obligation to file a memorandum in opposition not later than May 16, 2013, as to the first Motion (Doc. No. 23) and May 20, 2013, as to the second Motion (Doc. No. 27). Without seeking leave of court to do so, Plaintiff extended his time to respond to the first Motion to May 20th, then filed a consolidated Response to both Motions on that date. The Court finds there is no prejudice to Defendants Hogan, Mattingly, and Klopfenstein from considering the late response to their Motion.

   Because Plaintiff is proceeding *pro se*, this case was automatically referred to the undersigned Magistrate Judge under the Dayton location of court General Order of Assignment

1

and Reference.  A motion to dismiss involuntarily is a dispositive motion which, if referred to a Magistrate Judge, must be dealt with by report and recommendations, rather than a decision.

**Standard for Motion to Dismiss**

The purpose of Fed.R.Civ.P. 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987), abrogated on other grounds by *Graham v. Connor,* 490 U.S. 386 (1989) as recognized in *Pleasant v. Zamieski,* 895 F.2d 272, 275 n. 1 (6th Cir. 1990).  Stated differently, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint.  *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010).

With respect to a motion made pursuant to Rule 12(b)(6), the Sixth Circuit  recently said:

> The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that had prevailed for the last few decades. *Ashcroft v. Iqbal*, ___U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *Conley* itself had reflected the change away from "code pleading" FN1 to "notice pleading," and the standard it announced was designed to screen out only those cases that patently had no theoretical hope of success. 355 U.S. at 45-46, 78 S.Ct. 99 ("In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); see also  *Iqbal*, 129 S.Ct. at 1959 (Souter, J., dissenting) (observing that "[t]he sole exception" to the *Conley* rule was for "allegations that [were] sufficiently fantastic to defy reality as we know it: claims about

> little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel").
>
> > FN1. See generally Roscoe Pound, Review of Clark on Code Pleading, 38 Yale L.J. 127 (1928).
>
> The Court has now explained, however, that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Indeed, while this new *Iqbal/Twombly* standard screens out the "little green men" cases just as *Conley* did, it is designed to also screen out cases that, while not utterly impossible, are "implausible." See Robert G. Bone, *Twombly, Pleading Rules, and the Regulation of Court Access*, 94 Iowa L. Rev. 873, 887-90 (2009). Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice.

*Courie v. Alcoa Wheel & Forged Products,* 577 F.3d 625, 629-30 (6th Cir. 2009). In other words, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Savoie v. Martin*, 673 F.3d 488 (6th Cir. 2012), *quoting Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dept. of Educ.,* 615 F.3d 622, 627(6th Cir. 2010), *quoting Twombly,* 550 U.S. at 570. All well-pled facts in the complaint must be accepted as true. *Savoie, supra,* citing, *Courie v. Alcoa Wheel & Forged Prods.,* 577 F.3d 625, 629 (6th Cir. 2009), *citing Iqbal,* 556 U.S. at 678.

All Defendants sued in their official capacities plead the bar of the Eleventh Amendment. All Defendants in their individual capacities claim immunity under *Leaman v. Ohio Department of Mental Retardation and Development Disabilities*, 825 F.2d 946 (6th Cir. 1987)(en banc), and qualified immunity based on their status as public officials. All Defendants assert the bar of the statute of limitations and assert that injunctive relief is barred in this case. In addition, Defendants Moore, Eleby, Croft, Shoemaker, and Parks assert that the Complaint fails to state a claim against them on which relief can be granted.

**Eleventh Amendment**

To the extent defendants are sued in their official capacities, they seek dismissal because of the bar of the Eleventh Amendment which provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793). It has been construed to bar suits against a State by its own citizens. *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982). Judgment against a public servant in his official capacity imposes liability on the entity he or she represents, in this case the State of Ohio because these Defendants are employees of the Department of Rehabilitation and Corrections. *Brandon v. Holt*, 469 U.S. 464 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Although it has the power to do so under the Fourteenth Amendment, Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. § 1983. *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990), *citing Quern v. Jordan,* 440 U.S. 332, 341 (1979).

Plaintiff's response to Defendants' Eleventh Amendment argument is to cite law relating to the qualified immunity of officials sued under 42 U.S.C. § 1983 (Response, Doc. No. 30, PageID 114). The law cited is completely inapplicable to the Eleventh Amendment argument, which speaks to suits against the State or public officials sued in their official capacities, which amount to suits against the State of Ohio.

To the extent Plaintiff purports to state claims against these Defendants in their official capacities, the claims must be dismissed without prejudice for lack of subject matter jurisdiction.

**The Statute of Limitations**

A statute of limitations defense may be raised and decided on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) when it is apparent on the face of the complaint. *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th Cir. 1989).

Ohio's two-year statute of limitations enacted in Ohio Revised Code § 2305.10, is applicable to cases brought under 42 U.S.C. § 1983. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)(en banc). While state law provides the applicable limitations period, federal law determines when the statute begins to run. *Wallace v. Kato*, 459 U.S. 384, 388 (2007). In actions brought under § 1983, the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005).

When this Court performed initial review of this case under the Prison Litigation Reform Act (the "PLRA"), it ordered Plaintiff to show cause why *in forma pauperis* status should not be denied because it appeared the action was barred by Ohio's two-year statute of limitations applicable to § 1983 cases (Order to Show Cause, Doc. No. 2). Plaintiff responded at length (Doc. No. 3) and the Court granted leave to proceed *in forma pauperis* by notation order without further analysis.

Plaintiff now argues that, by virtue of that notation order, "[t]he Court has already accepted the notion that either equitable tolling is justified in this case, or that the [statute of limitations] does not expire until October, 2013, pursuant to the discussions provided by Plaintiff in Doc. No. 3." Plaintiff overreads the grant of *in forma pauperis* status. The Court would not

decide the invalidity of a colorable affirmative defense without giving the affected defendant an opportunity to raise and argue it.

Plaintiff pleads a claim under 42 U.S.C. § 1983 that Defendants transferred him (or conspired to transfer him) to London Correctional Institution for his use of the grievance process at Dayton Correctional Institution; the transfer occurred, according to Plaintiff, on June 17, 2010 (Complaint, Doc. No. 4, ¶ 63).  Plaintiff did not file his Motion for Leave to Proceed *in forma pauperis* in this case until February 5, 2013 (Doc. No. 1).[1] Prima facie, Plaintiff's claims are barred by the statute of limitations.

Plaintiff asserts the statute of limitations was tolled while he was exhausting his administrative remedies, which is required by the PLRA (Response, Doc. No. 30, PageID 116). The law in the Sixth Circuit is that the statute of limitations is indeed tolled during the exhaustion of any available administrative remedies.  *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir. 2000).

Plaintiff asserts he has never received a response from the Chief Inspector regarding two of his three grievance appeals and the response to the third was only received January 11, 2011 (Response, Doc. No. 3, PageID 20).  However, Plaintiff admits that the statute of limitations would begin to run on that date and he did not file his Application to Proceed *in forma pauperis* until more than two years after that date.  Thus any tolling provided by exhaustion expired January 11, 2011, and does not defeat the statute of limitations defense.

Plaintiff first filed the claims made here in the Ohio Court of Claims on January 26, 2011 (Doc. No. 3, PageID 21).  He asserts that when he learned that was not the proper venue, he

---

[1] Filing an *in forma pauperis* application tolls the statute of limitations.  *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases).

moved to voluntarily dismiss that case on April 27, 2011, and the dismissal was granted September 22, 2011. *Id.* at PageID 21-22.  He notes that, when federal courts borrow statutes of limitations from state law, they also borrow the state's tolling rules.  *Id.* at PageID 22, *citing Board of Regents v. Tomanio*, 466 U.S. 478 (1980).  He relies on 28 U.S.C. § 1406(a) for the proposition that transfer of venue under that statute preserves the original filing date.  However, this is not a case where venue was transferred from the Ohio Court of Claims under § 1406.  That statute applies only to transfer of venue among federal courts.  What happened here was a dismissal in the Court of Claims and a re-filing in this Court.

Defendants assert that Plaintiff's time is not preserved by the Ohio Savings Statute, Ohio Revised Code § 2305.19, because the two-year statute of limitations had not yet run as of the dismissal in the Court of Claims.  (Motions, Doc. No. 22, PageID 75; Doc. No. 26, PageID 94, *citing Reese v. Ohio State Univ. Hosp.,* 6 Ohio St. 3d 162, 163 (1983).)  Plaintiff has made no response to that argument, which is well taken.

Lastly, Plaintiff asserts that he is entitled to equitable tolling of the statute of limitations (Responses, Doc. No. 3, PageID 22-24; Doc. No. 30, PageID 116.)  The Defendants did not address the possibility of equitable tolling in their Motions.

In determining whether equitable tolling is appropriate, courts in the Sixth Circuit follow the test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), in which the court "specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Graham-Humphreys v. Memphis*

*Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000)." *Dunlap, v. United States*, 250 F.3d 1001 (6th Cir. 2001). This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases. *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002). "Absence of prejudice is to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004), *quoting Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004), *quoting Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)(holding the statute itself gives notice that the statute begins to run at the conclusion of direct review and does not restart based on the intervening commencement of state collateral proceedings).

*Pro se* status and limited law library access are insufficient to ground equitable tolling. *Hall v. Warden*, 662 F.3d 745, 751-52 (6th Cir. 2011).

The burden is on the petitioner to demonstrate that he is entitled to equitable tolling. *Keenan v. Bagley*, 400 F.3d 417, 420-22 (6th Cir. 2005); *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004); *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003), *citing Graham Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. Equitable tolling should be granted sparingly. *Solomon v. United States*, 467 F.3d 928, 033 (6th Cir. 2006).

Facts on which Plaintiff relies are his imprisonment and his focus on attempting to obtain a writ of habeas corpus. In *Chasteen v. Warden,* Case No. 1:10-cv-804, Plaintiff filed his

8

Petition for Writ of Habeas Corpus on November 15, 2010, and litigated that case vigorously through an attempted appeal to the Sixth Circuit Court of Appeals, which denied a certificate of appealability on May 10, 2013. *Chasteen v. Warden*, Case No. 12-3503. Plaintiff asserts the habeas case "consumed the majority of time Plaintiff had available in the law library to litigate any claims." (Doc. No. 3, PageID 23.) That assertion is belied by Plaintiff's having filed in the Court of Claims in January, 2011, two months after filing the habeas petition.

Plaintiff also asserts that he "was engaged in the active litigation of several other cases during that course of time and it was simply not possible for him to attempt to adequately bring this action and litigate it while pursuing those other claims." *Id*. at PageID 23-24, referencing *Chasteen v. Jackson*, 1:09-cv-413, S.D. Ohio; *Chasteen v. Johnson*, 2:12-cv-229; *Chasten v. London Carr. Inst.*, 2011-07265AD, Ohio Court of Claims; *Chasteen v. Dayton Carr. Inst.,*2011-01721AD, Ohio Court of Claims; *Chasteen v. Mansfield Carr.Inst*., 2010-13059AD Ohio Court of Claims.

In the first of these cases in federal court, Judge Beckwith entered summary judgment in favor of Defendants, all State employees associated with Warren Correctional Institution, on May 3, 2012. On February 19, 2013, Judge Beckwith denied Mr. Chasteen leave to appeal *in forma pauperis*, certifying to the court of appeals that the appeal was frivolous and not taken in objective good faith.

The second federal court case was filed March 15, 2012, and voluntarily dismissed by Plaintiff on February 25, 2013, after more than one hundred filings with an order by Judge Marbley that if the case is re-filed, Plaintiff must reimburse the Defendants, ODRC employees associated with Mansfield Correctional Institution, including some of the same Defendants named in this case, for their expenses associated with dismissal and re-filing.

9

In the two Court of Claims cases other than the original filing of this case, Plaintiff sought, successfully, to recover for a piece of lost mail and some clothing lost during his transfer between prisons; he was ultimately awarded $5.00 on the first claim and $45.00 on the second.[2] Administrative decisions in both these cases were granted to Plaintiff in the fall of 2011, and affirmances and warrants for recovery shortly thereafter, more than a year before the statute of limitations would have run.

Plaintiff does not claim ignorance of the filing date, but essentially says that he was too busy with other litigation to meet that date. Plaintiff has not succeeded in any of his federal court litigation and two of his appeals in that litigation have been found to be frivolous. The dockets in his federal cases show a great deal of activity, but that activity does not support a finding of equitable tolling. Essentially, Plaintiff wasted a great deal of his own time on those cases, rather than filing this case on time. His net recovery from all these cases is $50.00. The fact that Plaintiff chose to invest his available litigation time as he did does not mean this Court is bound to bless that investment by awarding Plaintiff equitable tolling for his wasted time.

Because this case was not filed for statute of limitations purposes until more than two years after Plaintiff had reason to know of the injury of which he complains and more than two years after he exhausted his available administrative remedies, actions against the Defendants in their individual capacities for money damages must be dismissed with prejudice as barred by the statute of limitations.

---

[2] Information on these cases was obtained from the public records of the Court of Claims at **Error! Main Document Only.**http://search.cco.state.oh.us/scripts/cgiip.exe/WService=civilprod/ws_CivilCaseSearch_2007.r (visited May 21, 2013). This Court may properly take judicial notice of public records, even on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 576 (6th Cir. 2008); *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005); *Jackson v. City of Columbus,* 194 F.3d 737 (6th Cir. 1999).

### Injunctive Relief

Any declaratory or injunctive relief that Plaintiff seeks stemming from his Complaint has been mooted first by his transfer to a different prison facility and ultimately by his release from imprisonment altogether. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010).  Plaintiff notes that voluntary cessation of a challenged practice does not necessarily moot a case (Response, Doc. No. 30, PageID 118).  But that is not what has happened.  Plaintiff has been released from custody because of the expiration of his sentence.  Plaintiff's claims for injunctive relief are moot.

### Other Defenses

The moving Defendants also plead that they are entitled to qualified immunity on Plaintiff's claims, that his claims are barred by the doctrine of *Leaman v. Ohio Department of Mental Retardation and Development Disabilities*, 825 F.2d 946, 951 (6th Cir. 1987) (en banc), and as to some Defendants that the Complaint does not state a claim.  Because the statute of limitations, mootness, and Eleventh Amendment defenses are completely dispositive, the Court need not reach these other issues.

### Conclusion

Based on the foregoing analysis, it is respectfully recommended that Plaintiff's Complaint against Defendants in their official capacities be dismissed without prejudice for lack of subject

matter jurisdiction by virtue of the Eleventh Amendment, that his claims for injunctive relief be dismissed with prejudice as moot for lack of standing, and that his claims for monetary damages be dismissed with prejudice as barred by the statute of limitations.

May 21, 2013.

                      s/ *Michael R. Merz*
                     United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).