# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ADAM CHASTEEN,

      Plaintiff,      :      Case No. 3:13-cv-37

                                  District Judge Thomas M. Rose
   -vs-                          Magistrate Judge Michael R. Merz
                           :

LAWRENCE MACK, et al.,

      Defendants.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Objections (Doc. No. 32) to the Magistrate Judge's Report and Recommendations (Doc. No. 31). Defendants have timely responded to the Objections (Doc. No. 35) and Judge Rose has recommitted the matter for reconsideration in light of the Objections (Doc. No. 33).

In the Report, the Magistrate Judge recommended that all claims against the moving Defendants be dismissed as barred by the Eleventh Amendment, as barred by the statute of limitations, or as moot (Doc. No. 31, PageID 131).

Plaintiff makes no objection to the Report's conclusions about the Eleventh Amendment and mootness of the claim for injunctive relief. Those conclusions can therefore be adopted by the District Judge without objection.

Plaintiff objects that the statute of limitations has not yet begun to run in this case because it is tolled during the pendency of administrative appeals and he has never received a decision on the last step of his administrative appeals (Objections, Doc. No. 32, PageID 133). As Defendants

1

point out in response, the administrative appeal related to the retaliation claim made in the Complaint is the appeal on which Plaintiff admits he did receive a final decision from the Chief Inspector on January 11, 2011, more than two years prior to his filing here (Response, Doc. No. 35, PageID 142-143). The possible pendency of administrative appeals on other claims is irrelevant.

Plaintiff claimed he was entitled under 28 U.S.C. § 1406(a) to tolling during the time this claim was pending before the Ohio Court of Claims. The Report rejected this claim because that statute only applies to transfers between district courts within the federal system (Report, Doc. No. 31, PageID 126). Plaintiff objects that "the defect in venue should serve here to toll the statute of limitations in this case." (Objections, Doc. No. 32, PageID 136.) But the defect in question was not one of venue, but of jurisdiction: the Ohio Court of Claims did not have jurisdiction to address Plaintiff's claims. Chasteen cites no authority for the proposition that a statute of limitations can be tolled by filing in a court without jurisdiction.

Plaintiff also claimed entitlement to equitable tolling, based on the fact he was expending time on other litigation. The Report recommended not granting equitable tolling because the time spent on other litigation (except Chasteen's habeas corpus case) was largely wasted because of the small stakes involved or because those cases were dismissed by other judges of this Court. Plaintiff objects that every one of his civil cases was prima facie meritorious and none of his cases have been dismissed as frivolous or malicious (Objections, Doc. No. 32, PageID 134-135.)

In determining whether equitable tolling is appropriate, courts in the Sixth Circuit follow the test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), in which the court "specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining

ignorant of the legal requirement for filing his claim. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir.2000)." *Dunlap, v. United States*, 250 F.3d 1001 (6th Cir. 2001). This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases. *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002). "Absence of prejudice is to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004), *quoting Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004), *quoting Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

The fact relied on by Chasteen – that he was busy litigating other cases – is not among the factors to be considered under *Dunlap*. Even if all the other cases were prima facie meritorious, the federal courts have not recognized involvement in multiple litigation as a basis for equitable tolling.

Having reconsidered the matter upon recommittal, the Magistrate Judge again respectfully recommends that the Complaint herein be dismissed with prejudice as barred by the statute of limitations to the extent it seeks monetary damages against the Defendants in their individual capacities, dismissed without prejudice for lack of subject matter jurisdiction against the Defendants in their official capacities, and dismissed with prejudice on account of mootness to the extent it seeks injunctive relief.

June 24, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).